IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :
**MATTHEW MESO**                                     :
                                                     :
Plaintiff,                                           :
                                                     :   Civ. Action No.:
                                                     :   Hon. Judge:
              - against -                            :   Magistrate Judge:
                                                     :
**TENNECO AUTOMOTIVE, INC.**                         :
                                                     :
Defendant.                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrences as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COMES the plaintiff Matthew Meso ("Plaintiff"), by and through his undersigned attorney, and states for his complaint as follows:

## NATURE OF THE ACTION

1.      This is an employment discrimination case in which Defendant violated the federal Age Discrimination in Employment Act by actively discriminating against the Plaintiff.

Page 1

2.     The Defendant also violated Michigan's Elliot-Larsen Civil Rights Act (ELCRA) by discriminating against the Plaintiff on the basis of his age.

## PARTIES, JURISDICTION AND VENUE

3.     Plaintiff is an individual residing in Oakland County, Michigan.

4.     Defendant Tenneco Automotive, Inc. is a global corporation with their corporate office located in Plymouth, Wayne County, Michigan.

5.     Until May 26, 2022, Plaintiff was employed by Tenneco as a Sales Manager Commercial Vehicle.

6.     The events described in this lawsuit occurred in Wayne County, Michigan.

7.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the Section 630 of the Age Discrimination in Employment Act of 1976 ("Section 630"), 29 U.S.C. § 704.

8.     At all times material hereto, Tenneco was an "employer" covered under Section 630.

9.     This lawsuit is based upon violations of federal law and jurisdiction is therefor proper in this Honorable Court pursuant to 28 USC § 1331.

10.     This Honorable Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because all defendants (i) reside in or are deemed to be a resident within the Eastern District of Michigan and (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

## CHARGE OF DISCRIMINATION/RIGHT TO SUE

12.     The Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination document with the Equal Employment Opportunity Commission ("EEOC").

13.     On September 13, 2022, the EEOC issued a Determination and Notice of Rights to Sue.  (Exh. 2, *Determination and Notice of Rights to Sue*.)

14.     The Plaintiff timely filed this complaint within the 90-day period for doing so set out in the EEOC Determination and Notice of Rights to Sue.

## FACTUAL ALLEGATIONS

15.     The Plaintiff's date of birth is 10/28/1962.

16.     He is over the age of 40.

17.     On or about February 6, 2012, the Plaintiff signed an acceptance of employment from Federal Mogul.

18.     The Plaintiff was hired as a Sales Manager, North America Commercial Vehicle Friction.

19.     In or about 2018, Tenneco acquired Federal Mogul.

20.     Plaintiff continued in his employment with Tenneco.

21.     The Plaintiff's employment was terminated by Tenneco by letter on 05/26/2022. (Exh. 3, *Letter of termination*.)

22.     The Plaintiff was hired to have NA Commercial Vehicle sales responsibility and global coordination responsibility for Ford,.

23.     When hired, the Plaintiff was to report directly to the Director of the North American Sales Friction, which at the time of Plaintiff's acceptance had yet to be determined.

24.     Until that position was filled the Plaintiff reported to Detlev Baudach, the Vice President OE of Sales and Marketing, based in Germany.

25.     On 04/19/2012 Plaintiff signed the Employee Orientation & Annual Review Certification.

26.     A skills requirement checklist was performed on 04/25/2012, showing that the Plaintiff is qualified for the position, and if insufficient in a skill set would receive selective training. ( Exh. 4, *Skills Requirement Checklist*)

27.     The skills requirement checklist was signed by manager Lana Day on May 31, 2012.

28.     Jasen Drenth ("Drenth") started working as the NA sales director in

2012, at which time, the Plaintiff began reporting to him.

29.    On or about April 3, 2014, the Plaintiff received a letter notifying him that he was eligible for the 2014 VCS Management Incentive Plan, signed by Dan Ninivaggi the CEO.

30.    At the beginning of 2017, Plaintiff received his 2017 Compensation Planning results granting a partial merit increase of $2,278.57, a 1.5% merit increase.

31.    The Plaintiff also received a lumped sum of $2,126.68 payment.

32.    By receiving a partial merit increase and the lump sum Plaintiff's full merit increase was reduced from 2.9% to 1.5%.

33.    As a result, all of Plaintiff's subsequent merit increases would result in smaller raises, due to the smaller base pay incident to the lumped sum increase. (Exh. 5, *2017 Compensation Planning results*)

34.    Tenneco's stated purpose in doing so was to hold down Plaintiff's salary.

35.    On information and belief, Tenneco re-directed the money to younger co-workers.

36.    On information and belief, Tenneco's actions were motivated by discriminatory intent based on Plaintiff's age.

37.     In addition to the Plaintiff not receiving a full merit increase in 2017, two senior account managers, Bruce Bis a man in his 50's and Ernest "EJ" Angelos a man in his 40's, did not receive full merit increases in 2017.

38.     Drenth told Plaintiff that the reason he and the two other employees did not receive a full merit increase was so that the merit increases could be given to two younger account managers, Kyle Brown and Matthew Perino.

39.     This was approved by the VP of Sales and VP of HR at Tenneco.

40.     The Plaintiff was instructed by Drenth to tell Bis and Angelos that they would not receive full merits as they were prorated, and they had lower target rates.

41.     This was untrue to the best of Plaintiffs information and belief.

42.     Plaintiff objected to his manager's direction but felt obligated to do as directed.

43.     At the Beginning of 2018, Plaintiff received Tenneco's 2018 Compensation Planning results.

44.     Once again these, the Plaintiff did not receive his full merit increase.

45.     Instead, he received a partial merit increase of $816.99, a 0.5% increase along with a lump sum of $2,126.68.

46.     By receiving a partial merit increase and the lump sum Plaintiff's full

merit increase was reduced from 2% to 0.5%.

47.     Tenneco's stated purpose in doing so was to hold down Plaintiff's salary.

48.     On information and belief, Tenneco's actions were motivated by discriminatory intent based on Plaintiff's age

49.     On or about April 11, 2018, Plaintiff received an assessment on his role in leading others.

50.     The Role in Leading Others Assessment showed that Plaintiff received over all "successfully meeting expectations" scores.

51.     In 2018-19, the Plaintiff recovered and repriced over $1,600,000.00 (one million, six hundred thousand U.S. dollars) of material from customer Meritor.

52.     As a direct result, Plaintiff received Tenneco's Excellence in Action Bronze Award.

53.     This recovery of material exceeded the entire NA material recovery goal for Light Vehicles and Plaintiff's responsibility for Commercial Vehicles. (Exh. 6, *Excellence in Action Bronze Award*)

54.     At the Beginning of 2019, Plaintiff received Tenneco's 2019 Compensation Planning results.

55.     Once again, the Plaintiff did not receive his full merit increase.

56.     Instead, he received a partial merit increase of $2,325.00, a 1.5% increase along with a lump sum of $1,610.00.  This effectively reduced his merit increase from 2.5% to 1.5% increase. (Exh. 7, *2019 Compensation Planning results*)

57.     Tenneco's stated purpose in doing so was to hold down Plaintiff's salary.

58.     On information and belief, Tenneco's actions were motivated by discriminatory intent based on Plaintiff's age

59.     The Plaintiff received an end-of-year review for the year of 2019 dated February 28, 2020.

60.      In the 2019 year-end review Plaintiff's manager rated his performance in different areas three or four out of five stars, for good or excellent performance, respectively.

61.     At the end of September 2020, the most senior and highest paid Sales Account Manager, Bruce Bis, was terminated.

62.     On the same day, Jasen Drenth another man in excess of 40, was also terminated.

63.     On information and belief, Tenneco's actions in terminating Bis and

Drenth were motivated by discriminatory intent based on their age

64.     Drenth was the highest paid employee in the North America Sales group.

65.     In or about the fall of 2020, Tenneco promoted Greg Nelson as the new Director of NA Friction Sales.

66.     In December of 2020, Plaintiff sent an email to Nelson requesting a special merit adjustment of $7,500.00 to make up for the impact caused by the reduced merit adjustments in 2017-19.

67.     After discussing this request with the Plaintiff,  Nelson and the VP of Sales told the Plaintiff that he could direct his request to HR, but they would not support him in this matter.

68.     On or about February 15, 2021, the Plaintiff received an end of year review for the year of 2020.

69.     In the 2020 end-of-year review, Plaintiff's manager, Nelson, stated "Matt had a solid year in winning new business, managing past dues and navigating his business through COVID. I look forward to working with Matt a full year in 2021".

70.     On or about February 28, 2022, Plaintiff received his end-of-year review for the year of 2021.

71.    In Plaintiff's 2021 end-of-year review, his manager's final statement was "Overall Matt has failed to meet expectations in 2021.  Matt has lost the confidence of Tenneco management in the ability to lead the CV business team."

72.    This review was inconsistent with Plaintiff's results for the year.

73.    This review was inconsistent with the feedback the Plaintiff received from Tenneco management during the 2021 calendar year, in real time.

74.    In response, the Plaintiff provided Tenneco a list of accomplishments that he and his team made in the year 2021.

75.    Plaintiff and his team exceeded many of the performance targets set by Tenneco management for 2021.

76.    On May 26, 2022, Plaintiff received a letter of termination from Tenneco.

77.    On information and belief, the poor review given to Plaintiff in or about February 28, 2022, was a contrivance.

78.    On information and belief, Tenneco's termination of the Plaintiff was not related to the Plaintiff's performance.

79.    On information and belief, Tenneco's termination of the Plaintiff was motivated primarily by discriminatory intent based on Plaintiff's age.

80.    On information and belief, Tenneco has replaced Plaintiff with

younger personnel.

81.     On information and belief, in or about early 2022, Robert Cerant was on a Performance Improvement Plan by Tenneco as the result of age discrimination.

82.     On information and belief, Mr. Cerant understood and expected that Tenneco would terminate him due to his age in the same pattern in which they terminated Plaintiff.

83.     In order to avoid termination, Cerant took a lower paying position outside of Tenneco.

84.     On information and belief, Tenneco planned to replaced Cerant with two younger Program Managers.

## COUNT I
## AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

85.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

86.     At all times relevant herein, Plaintiff was an "employee" and the Defendant was his "employer" within the meaning of the Age Discrimination in Employment Act (ADEA), 29 USC §§621, et seq.

87.     At all times relevant to this action, Plaintiff was over the age of 40.

88.   At all times relevant herein, under the ADEA, Plaintiff had a right to employment free from discrimination based on his age.

89.   Plaintiff began working for Defendant in 2012.

90.   Plaintiff's employment with Defendant was terminated on or about May 26, 2022.

91.   Plaintiff was qualified for his position and had performed well for a number of year.

92.   Tenneco treated Plaintiff different than other similarly situated employees due to his age.

93.   On information and belief, Tenneco replaced Plaintiff with a younger employee.

94.   Such violations were willful.

95.   Tenneco has exhibited a pattern of age-related employment discrimination against older men as detailed, above.

96.   Tenneco treated Plaintiff differently than similarly situated younger employees..

97.   As a direct and proximate result of such violations of Plaintiff's rights by Defendant, Plaintiff has suffered damages, including but not limited to, loss of

past and future income and employee benefits, loss of professional reputation,

mental anxiety, emotional distress, outrage, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment

against Defendant in whatsoever amount is shown to be established by the

proofs in this cause, together with liquidated damages, interest, costs and

reasonable attorney fees.

## COUNT II
## AGE RETALIATION UNDER THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

98.     Plaintiff incorporates by reference the preceding paragraphs as if fully

set forth herein.

99.     At all times relevant herein, Plaintiff was an "employee" and the

Defendant was his "employer" within the meaning of Michigan's Elliot-Larsen

Civil Rights Act (ELCRA), as amended.

100.    At all times relevant herein, under the ELCRA, Plaintiff had a right to

employment free from discrimination based on his age.

101.    Defendants violated Plaintiff's rights under the ELCRA by treating

him differently based on his age than similarly situated individuals, mandatorily

and involuntarily terminating his employment, replacing him with a younger

employee, reducing his merit compensation, and otherwise discriminating against

Plaintiff with respect to the terms, conditions and privileges of employment because of his age.

102.   As a direct and proximate result of such violations of Plaintiff's rights by Defendants, Plaintiff has suffered damages, including but not limited to, loss of past and future income and employee benefits, mental anxiety, emotional distress, outrage, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against Defendants, jointly and severally, in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs and reasonable attorney fees.

## DEMAND FOR TRIAL BY JURY IS HEREBY MADE

Dated: November 4, 2022                    HEED LAW GROUP, PLLC

/s/ Thomas P. Heed (P66991)
Thomas P. Heed (P66991)
Attorney for Plaintiff
2723 South State Street
Suite 150
Ann Arbor, Michigan 48104
(734) 794-4757
(734) 794-4712
theed@heedlawgroup.com